{¶ 51} The majority maintains immunity does not "re-attach" via R.C. 2744.03(A)(5) because there is no evidence Lake Metroparks exercised any judgment or discretion regarding the use of the wagon. The majority's conclusion rests upon this court's decision in Elston v. Howland Local Schools, 11th Dist. No. 2004-T-0092, 2005-Ohio-4765. While not a member of the panel inElston, I disagree with its interpretation of R.C.2744.03(A)(5) and the use of the Elston analysis as a substantive basis for reversing the instant manner. In my view, there is no genuine issue of material fact which remains to be litigated because R.C. 2744.03(A)(5) affords appellee immunity as a result of its employee's exercise of judgment or discretion in determining how to use the wagon in question. Accordingly, I respectfully dissent.[2]
 {¶ 52} R.C. 2744.03(A)(5) affords a political subdivision immunity from liability if an injury "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, * * * and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Prior to Elston,
this court had observed that the language and spirit of R.C. Chapter 2744 supports a conclusion that R.C. 2744.03(A)(5) applies to decisions made by a political subdivision's employees.Vance v. Jefferson Area Local School Dist. Bd. of Edn. (Nov. 9, 1995), 11th Dist. No. 94-A-0041, 1995 Ohio App. LEXIS 5041, at 11. In my view, such a conclusion is necessary to salvage the intelligibility and practical import of R.C. 2744.03(A)(5).
 {¶ 53} Specifically, a political subdivision is a conceptual or legal abstraction. It possesses neither volitional consciousness nor individual subjectivity. The only way a political subdivision can "act" or, perhaps more germane to the instant matter, exercise judgment or discretion, is through its agents or employees. Accordingly, where employees are acting within their capacity as agents of the political subdivision, the consequences issuing from their acts or omissions may be reasonably imputed to the political subdivision itself.
 {¶ 54} However, the majority's reasoning in Elston requires a political subdivision to engage in volitional conduct apart from its agents and employees. According to Elston, immunity will attach under R.C. 2744.03(A)(5) if and only if a political subdivision exercises independent judgment or discretion with respect to the acquisition or use of equipment, supplies, etc. I believe this interpretation is logically unsound because a political subdivision, as a legal abstraction, can act only to the extent its agents or employees act in its name. Moreover, the construction renders R.C. 2744.03(A)(5) a legal nullity; after all, if R.C. 2744.03(A)(5) applies only when a political subdivision exercises "judgment or discretion" unto itself, it is difficult, if not impossible, to foresee a scenario where the defense will have any meaningful application. For these reasons, I decline to subscribe to Elston's analysis and conclusions.
 {¶ 55} That said, Richard Schulz, former Head of Vehicles for Lake County Metroparks, testified via affidavit that the wagon in question was inspected for suitability and safety in July, August and September 2001 (prior to the October 2001 Haunted Hayride). According to Schultz, "[n]o irregularities, breakage, or unsafe conditions were found on wagon no. 9. Wagon no. 9 was considered safe for use as a people transporting wagon for the Haunted Hayride event of 2001, and it was so used." Schultz additionally stated that he then inspected wagon no. 9 after the accident and determined that a weld that was attached to the front axle broke, which caused the wagon to detach and roll free.
 {¶ 56} Under the circumstances, there is no evidence that Schultz (or anyone else) acted with malicious purpose, bad faith or in a wanton or reckless manner. I would therefore hold the decision to use wagon no. 9 for the Haunted Hayride in October 2001 was a result of the exercise of judgment or discretion in determining how to use equipment. After multiple safety inspections, the wagon was deemed worthy for transporting people during the Haunted Hayride. I believe the reasoned judgment described by Schultz in his affidavit falls within the gamut of discretionary exercises protected by R.C. 2744.03(A)(5).
 {¶ 57} The majority's analysis, premised upon Elston,
simply concludes that R.C. 2744.03(A)(5) cannot apply to Schultz, as he is an employee. I believe Elston was wrongly decided. Thus, I would hold R.C. 2744.03(A)(5) applies to the exercise of judgment or discretion of a political subdivision's employees or agents, and would therefore affirm the trial court's award of summary judgment in appellee's favor.
[2] I do not disagree with the majority's Civ.R. 15(D) analysis and therefore concur in this respect.